IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-132 (1) |
| | § | C.A. No. C-05-312 |
| DAMON RUNNELS, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Damon Runnels' ("Runnels") motion to vacate, set aside or correct his sentence pursuant to § 2255, which is deemed filed as of June 16, 2005.[1] (D.E. 44).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Runnels' motion because it is time-barred. Additionally, the Court DENIES Runnels a Certificate of Appealability.

---

[1] The Clerk received Runnels' motion on June 22, 2005. The motion indicates that it was signed on June 16, 2005. (D.E. 44 at p.7). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988)(a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-02-cr-132.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On July 29, 2002, Runnels pleaded guilty to the indictment against him, which charged him with knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (D.E. 1, 17, 18). On October 18, 2002, the Court sentenced Runnels and judgment was entered against him on October 30, 2002. (D.E. 25, 27). Runnels did not pursue a direct appeal. He subsequently filed a post-conviction motion seeking to modify his sentence, which was denied by this Court. (D.E. 31, 32). He appealed from that order, and his appeal was dismissed as frivolous on August 17, 2004. (D.E. 33, 42, 43).

Runnels filed his § 2255 motion on June 16, 2005. (D.E. 44). In his motion, he asserts two claims. First, he argues that he was denied effective assistance of counsel because: (1) his counsel failed to file a direct appeal, despite Runnels' request that he do so; and (2) his counsel failed to make a record that the unlawful entry offense used to enhance his sentence had been dismissed in state court. Second, he argues that this Court erred in increasing his offense level in violation of his Sixth Amendment rights, relying on United States v. Booker, 125 S. Ct. 738 (2005).

## III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the

---

[3]   The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000)(*per curiam*).

The period for Runnels to file a notice of appeal from the judgment against him expired ten days after the entry of judgment against him. Fed. R. App. P. 4(b). At the time that Runnels' judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect at that time, then, ten days after is October 30, 2002 is November 12, 2002.[5] In this case, Runnels did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on November 12, 2002. Runnels' time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on November 12, 2003. Runnels' motion is deemed filed as of June 16, 2005. Thus, it was filed more than one year and seven months beyond the deadline as calculated under § 2255(1), and is untimely.

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[4] At the time final judgment was entered against Runnels, Rule 26(a)(2), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

[5] The ten-day period ended on Saturday, November 9, 2002, and Monday, November 11, was Veterans' Day, a legal holiday. Thus, the notice of appeal was due on Tuesday, November 12, 2002. See Fed. R. App. P. 26(a)(3)-(4).

Construing his motion liberally, Runnels' sole explanation for his untimely filing is that the primary case upon which he relies, United States v. Booker, 125 S. Ct. 738 (2005), was only recently decided. His reliance on Booker does not render his motion timely, for the reasons discussed in Section III.B. infra. He does not offer any other reason or argument as to why his motion should be deemed timely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.   Timeliness of Booker claim**

Runnels could argue that his claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005) is timely under § 2255(3). See supra note 3. This provision would render his claim timely only if Booker applies retroactively to cases already final on direct review when it was decided. Because this Court concludes that Booker does not apply retroactively, however, his claim based on Booker is not timely.

   **1.   Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases. Booker consists of two majority decisions. In the first majority opinion, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Runnels, whose conviction became final prior to the date Booker was decided, January 12, 2005.

**2.   Retroactivity Analysis**

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Instead, Justice Breyer's decision concerning the proper remedy simply indicates that the Court's Booker holdings should be applied "to all cases on

direct review." Booker, 125 S. Ct. at 769 (emphasis added).[6]

More pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions. Accordingly, Blakely and Booker do not apply retroactively to cases on collateral review.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive,

---

[6] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). The Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have reached the same conclusion as the Court does herein. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005)(same); United States v. Bellamy, __ F.3d __, 2005 WL 1406176 (10th Cir. June 16, 2005)(same).

Because the Court concludes that Booker is not retroactive to cases on collateral review, and because Runnels' conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. His Booker claim, like the entirety of his motion, is untimely.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Runnels has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Runnels has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Runnels is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Runnels' motion under 28 U.S.C. § 2255 (D.E. 44) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 5th day of July, 2005.

_____
Janis Graham Jack
United States District Judge